United States District Court
Southern District of Texas
**ENTERED**
September 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JHOSUE ABRAHAM GUTIERREZ-MORALES, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-06645 |
| MARKWAYNE MULLIN, *et al.*, | § | |
| Respondents. | § | |

## **ORDER**

Before the Court are Petitioner Jhosue Abraham Gutierrez-Morales's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Motion to Transfer, and in the Alternative, Motion to Stay, Motion to Dismiss and/or for Summary Judgment (the "Motion for Summary Judgment") (Doc. #5). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Jhosue Abraham Gutierrez-Morales ("Petitioner"), a native and citizen of Venezuela, entered the United States on an unknown date at an unknown place.[1] Doc. #5, Ex. 2. On January 30, 2022, Petitioner was apprehended by immigration officials and detained. Doc. #1 at 10; Doc. #5, Ex. 4 at 3. The same day, Petitioner was released on his own recognizance, subject to certain conditions. Doc. #5, Ex. 3. Respondents do not argue that Petitioner ever violated any condition of his release. Doc. #1 at 11–13.

[1] Petitioner claims he fled Venezuela on November 16, 2021 "after being violently attacked in his home" by members of an organized criminal group. Doc. #1 at 9. He entered the United States near Del Rio, Texas on or about January 30, 2022. *Id.* at 10. Respondents do not dispute these contentions in their Motion for Summary Judgment. *See* Doc. #5.

Nevertheless, several years later, on January 29, 2026, immigration officials re-detained Petitioner. Doc. #1 at 13; Doc. #5, Ex. 3 at 3. At that time, the Department of Homeland Security issued Petitioner a Notice to Appear, charging him with being "an alien present in the United States who has not been admitted or paroled" and is thus inadmissible under the Immigration and Nationality Act. Doc. #5, Ex. 2. Originally, Petitioner was detained at the Joe Corley Processing Center in Conroe, Texas. Doc. #5 at 3. On August 22, 2026, however, Petitioner was transferred to the Limestone Detention Center in Groesbeck, Texas, where he remains detained at this time.[2] *Id.*; Doc. #5, Ex. 6. Based on the record before the Court, Petitioner has no criminal history, is not a flight risk, and does not otherwise pose a danger to the community. Doc. #1 at 8; Doc. #5, Ex. 4 at 3.

In their Motion for Summary Judgment, Respondents first ask the Court to transfer this case to the Western District of Texas, since that is where Petitioner is presently detained. Doc. #5 at 4–5. The rule has long been clear, however, that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change."); *Hernandez Alcala v. Warden*, No. 3:26-CV-1447-E-BN, 2026 WL 1656741, at *2 (N.D. Tex. May 7, 2026), *report and recommendation adopted*, WL 1654273 (N.D. Tex. June 8, 2026) (explaining that even if the petitioner were transferred outside of the

---

[2] As Respondents point out, the transfer occurred *before* the Court's August 25, 2026 Order to Answer was entered. Doc. #4; Doc. #5 at 3.

district, the court would not be deprived of jurisdiction to hear the § 2241 petition). Here, Petitioner filed his habeas petition on August 13, 2026, before he was transferred to the Western District of Texas. Doc. #1; Doc. #5 at 5. Accordingly, the Court retains jurisdiction in this case and denies Respondents' request for transfer.

Next, Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).[3] Doc. #5 at 9–14. Petitioner contends his re-detention after being released on recognizance violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 22–28. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). Likewise, courts have found procedural due process violations where noncitizen detainees lack criminal history, are not flight risks, and pose no danger to the community. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez*

[3] Respondents also argue the Court should stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*. Doc. #5 at 5–9 (citing 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026)). The Fifth Circuit's one-sentence stay order contains no analysis and does not indicate precedential effect beyond the consolidated appeals at issue. Thus, the Court agrees with its sister court in the Southern District of Texas that the stay should not be read as foreclosing due process claims in other cases. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3–4 (S.D. Tex. July 27, 2026).

*v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's continued detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #5. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. **Petitioner shall be released in a public place within the Southern District of Texas.**

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

SEP 2 2 2026

Date

The Honorable Alfred H. Bennett
United States District Judge